STATE EX REL. ROWE, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,145.)

(Submitted February 26, 1912.   Decided March 9, 1912.)

[122 Pac. 270.]

*Mandamus—Officers—Police Judges—Collection of Illegal Fees —Removal from Office.*

Police Judges—Fees—City Ordinance Cases.
1.   *Held,* that a police judge is not entitled to collect fees in cases arising out of violations of city ordinances, either from the city or from the defendant.

Same—Illegal Fees—Removal from Office.
2.   Under section 9006, Revised Codes, the district court may remove a police judge from office for illegally collecting a fee from a defendant for approving a bond filed in support of an appeal from a judgment of conviction for a violation of a city ordinance.

Original application by the state, on the relation of James H. Rowe, for a writ of *mandamus* directed against the district court of the second judicial district and Michael Donlan, judge thereof. On motion to quash, motion denied, and writ issued.

*Mr. Jesse B. Roote, Mr. T. F. Nolan,* and *Mr. W. A. Jackson,* for Relator; *Messrs. Roote* and *Nolan* argued the cause orally.

In behalf of Respondents, there was oral argument by *Mr. M. F. Canning.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On February 1, 1912, the relator, a resident of the city of Butte, presented to the district court of Silver Bow county an accusation in writing, under oath, against Thomas J. Booher, police judge of said city, asking that he be summarily removed from office. After alleging that the city is a municipal corporation, and that said Booher is its police judge, the accusation charges: "(3) That on or about the fifteenth day of May, 1911, there was filed before the said Thomas J. Booher, as police judge of the city of Butte, the complaint of the city of Butte, plaintiff, against Slemons & Booth, a corporation, defendant, a true copy of which is hereto annexed, marked 'Exhibit A,' and made a part hereof; that the said defendant, Slemons & Booth, after having entered its plea of 'not guilty' to said complaint, was, after a trial on said complaint, on or about the sixteenth day of May, 1911, by the said Booher, as police judge aforesaid, adjudged guilty and fined, and adjudged to pay the sum of twenty-five ($25) dollars; that the said Slemons & Booth, a corporation, on or about the twenty-third day of May, 1911, appealed from said judgment to said district court, and filed with said Booher, as police judge, a bond in writing on appeal from said judgment to said district court, which said bond was approved in writing by the said Booher as police judge; that for said services rendered in approving said bond the said Booher, as police judge, did, on or about the eleventh day of July, 1911, charge and collect a fee from the said Slemons & Booth, a corporation, to wit, the sum of two ($2) dollars; that said fee so charged and collected for said services rendered as herein set out was and is illegal."

At the hearing on February 12, Hon. Michael Donlan presiding, the accused having entered his plea of not guilty the accuser offered evidence in support of the charge. Upon objection by counsel for the accused that the accusation is insufficient to charge an offense under the statute (Rev. Codes, sec. 9006), the court refused to hear evidence and ordered the proceeding dismissed. Thereupon application was made to this court for a writ of supervisory control, requiring the district court to set aside the order and to proceed with the hearing. At the time set for hearing in this court, counsel for defendant appeared by filing a motion to quash the order to show cause theretofore issued and to dismiss the proceeding, on the ground that the petition does not state facts to entitle the relator to any relief.

The charge proceeds upon the assumption that, in demanding and collecting a fee of $2 for the approval of an appeal bond in a case arising out of a violation of a city ordinance, the accused was guilty of a violation of the statute, *supra,* and has thereby become subject to removal from office.

It was pointed out in *State ex rel. Rowe* v. *District Court,* 44 [1] Mont. 318, 119 Pac. 1103, that the compensation to which a police judge is entitled is fixed by the provisions of section 3241 of the Revised Codes. What is there said with reference to his right to demand and collect fees in cases and proceedings arising under the criminal laws of the state applies as well to this right as regards cases arising under the city ordinances. While the policy pursued by the legislature in conferring upon a police judge the jurisdiction of a justice of the peace, and allowing him to demand and collect fees for services rendered in that behalf, has varied from time to time, its policy with reference to services performed in cases arising out of the violation of city ordinances has been uniform. This officer has invariably been required to perform all services in this behalf for a salary fixed by ordinance, not to exceed a prescribed limit. The policy was inaugurated by the Act of the territorial legislature, approved February 17, 1881 (Laws 1881, Twelfth Session, sec. 31, p. 22), the first general law enacted authorizing the organization of

municipal corporations. While under this Act a police justice, the title by which the officer was then designated, was given jurisdiction of civil cases, he was required to perform all services in them without compensation, other than his salary, paid by the municipality. He was required to collect fees, but had to account for them to the treasurer of the municipality. He had exclusive jurisdiction of cases arising under the ordinances, and also of criminal cases within the territorial limits of the corporation; but for services in the latter he was allowed no compensation.

The next utterance on the subject is found in sections 371 and 372 of an Act approved March 10, 1887 (Comp. Stats. 1887, Div. 5). The officer is designated therein as police magistrate. By section 371, he was given the jurisdiction generally of a justice of the peace in civil and criminal cases, and his jurisdiction over ordinance or city cases was made exclusive as theretofore. By section 372, he was compensated in full for services rendered the city in this class of cases by a salary fixed by ordinance and paid by the city. He was also declared entitled to receive the fees "which are or may hereafter be allowed justices of the peace in all civil cases and in criminal actions and proceedings arising under the laws of the territory, when acting as justice of the peace." Here we first find him authorized to demand and collect for his own use such fees as were allowed to a justice. Section 371 remained substantially unchanged by subsequent legislation until the Act of March 13, 1895, the portions which are pertinent here being found in sections 4911 and 4912 of the Political Code of 1895 (Rev. Codes, secs. 3297, 3298). By these sections, the jurisdiction of the police judge was defined substantially as in the provisions of the Compiled Statutes, *supra*, except that by section 4912 he was given exclusive jurisdiction of civil cases to which the city was a party plaintiff or defendant. Section 372 of the Compiled Statutes, *supra*, which had been continued in force until passage of this Act, was supplanted by a section of the Act found in the Political Code of 1895 as section 4765. This section fixed the compensation as it was fixed

by the provisions of the Compiled Statutes, except that it prescribed that a police judge should have no compensation for his services in criminal cases and proceedings arising under the laws of the state, or when acting as a committing magistrate. This section appears in the Revised Codes of 1907 as section 3241, *supra.* By an Act approved February 24, 1903 (Session Laws of 1903, Chap. 16), section 4911, *supra,* was amended, so as to deprive the police judge of jurisdiction in civil cases, except those enumerated in section 4912, *supra.* Section 4911, as amended by the Act of 1903, and section 4912 appear in the Revised Codes as sections 3297 and 3298, respectively. There never has been any provision made by the legislature authorizing a police magistrate or police judge to demand and collect any fees in a case arising under a city ordinance, either from the city or from the defendant.

At the hearing, counsel, in his endeavor to justify the action of the district judge, made the contention that cases arising out of violations of city ordinances are civil cases; that they are included in the provision found in section 3241, *supra, viz.,* "In addition, a police judge is entitled to receive in all civil cases the fees which are now, or may hereafter be, allowed justices of the peace," and that, since this is so, and since a justice of the peace is entitled to collect a fee for approving an appeal bond and furnishing the transcript, *etc.,* in a civil case, Booher was entitled to charge the fee in question here. The least attention given to the legislation summarized above, however, must compel the conclusion that whatever may be the proper classification of such cases, under the head of civil, or criminal, or *quasi* criminal, the legislature has always put them in a class by themselves, to be disposed of by the police judge without fee or charge, either from the city or from a defendant. This being so, the further conclusion must follow that they are and were not intended to be covered by the expression "civil cases," as used in the language quoted from the statute. The result is that Booher was not justified in demanding and collecting the fee in question here, and that the district court erred in refusing to hear evidence in

45 Mont.—14

support of the charge. It was the duty of the court to hear the
[2] evidence, and, if it appeared that the fee was collected as
charged, to make the order provided by section 9006, *supra,*
removing Booher from office.

The motion to quash the order to show cause is therefore over-
ruled, and it is directed that the district court set aside its order
dismissing the charge, and proceed to a hearing and judgment
in accordance with the views herein expressed.

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.